IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:20-CR-32-TAV-DCP |
| ) | |
| JEFFREY L. MANKIN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on Defendant Jeffrey Mankin's Motion to Continue [Doc. 14], filed on June 19, 2020. The Defendant asks the Court to continue the July 14, 2020 trial date and the other deadlines in this case at least ninety days, because counsel needs additional time to confer with the Defendant and to prepare for trial. The motion indicates that counsel has explained the right to a speedy trial to Defendant Mankin and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of November 10, 2020.

The Court finds the motion to continue the trial and other deadlines is unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 1] charges the Defendant with failure to register as a sex offender. The Defendant first appeared in this case on May 22, 2020. Based upon the motion,

the Court finds that defense counsel needs additional time to confer with the Defendant and to prepare the case for trial.  The Court finds that trial preparations cannot be completed by the July 14 trial date or in less than four and one-half months.  Thus, the Court finds that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, despite counsel's exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's unopposed motion [**Doc. 14**] to continue the trial date is **GRANTED**, and the trial is reset to **November 10, 2020**.  The Court finds that all the time between the filing of the motion for a continuance on **June 19, 2020**, and the new trial date of **November 10, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B).  The parties agreed on a new schedule in this case, which is set out below.

Accordingly, it is **ORDERED** as follows:

> (1) Defendant Mankin's motion to continue the trial and schedule [**Doc. 14**] is **GRANTED**;
>
> (2)  The trial of this matter is reset to commence on **November 10, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;
>
> (3)  All time between the filing of the motion on **June 19, 2020**, and the new trial date of **November 10, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4)  The deadline for filing pretrial motions is extended to **July 20, 2020**.  Responses to pretrial motions are due on or before **August 3, 2020**;
>
> (5)  The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **October 12, 2020**;
>
> (6) The parties are to appear before the undersigned for a final pretrial conference on **October 20, 2020, at 11:00 a.m.**;

(7) Motions *in limine* must be filed no later than **October 26, 2020**; and

(8) Requests for special jury instructions, supported by citations to authority pursuant to Local Rule 7.4, shall be filed by **October 30, 2020.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge